United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10772
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SHED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-316-1-A
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin Shed appeals his guilty-plea convictions and sentence

for conspiracy to possess with intent to distribute more than five

kilograms of cocaine and more than 50 grams of cocaine base  and

conspiracy to commit laundering of monetary proceeds.  Shed first

argues that the district court abused its discretion by denying his

motion to withdraw his guilty plea.  "[A] district court may, in

its  discretion,  permit  withdrawal  before  sentencing  if  the

defendant can show a 'fair and just reason.'"  United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Powell</u>, 354 F.3d 362, 370 (5th Cir. 2003). A review of the seven relevant factors reveals that the district court did not abuse its discretion by denying Shed's motion to withdraw his guilty plea. See <u>United States v. Carr</u>, 740 F.2d 339, 343-44 (5th Cir. 1984).

Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Shed argues that the district court erred by calculating his offense level and criminal history on the basis of facts not admitted by him or found beyond a reasonable doubt. After briefing was completed, the Supreme Court held in <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u> also struck down 18 U.S.C. § 3553(b)(1) and thus rendered the Guidelines advisory only. <u>Id.</u> at 764-65.

The district court enhanced Shed's sentence based on several factual findings not admitted by Shed, and Shed objected to these enhancements on <u>Blakely</u> grounds. Shed's sentence of life imprisonment thus exceeded the maximum sentence that could have been imposed based solely on his plea and constituted a Sixth Amendment violation under <u>Booker</u>. See <u>Booker</u>, 125 S. Ct. at 769. When, as here, the defendant has preserved his error, we will ordinarily vacate the sentence and remand, unless we can say that the error is harmless under FED. R. CRIM. P. 52(a). See <u>United</u>

States v. Akpan, __ F.3d __, No. 03-20875, 2005 WL 852416 at *11 (5th Cir. Apr. 14, 2005). Under this standard, the Government bears the burden of demonstrating beyond a reasonable doubt that the constitutional error did not contribute to the defendant's sentence. Id. at *12. Were we to review Shed's sentence for harmless error, we would find that the error here was harmful; we cannot say beyond a reasonable doubt that the mandatory nature of the Sentencing Guidelines at the time of Shed's sentence did not contribute to the sentence that he received. See id. Accordingly, Shed's sentence must be vacated and remanded for resentencing.

VACATED AND REMANDED.